UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MENDY BROTHERS, LLC, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-6406** |
| **BANK OF NEW YORK MELLON ET AL** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Defendant Bank of New York Mellon's Motion for Judgment on the Pleadings. R. Doc. 40. Plaintiffs oppose the motion, R. Doc. 46. Defendant timely replies. R. Doc. 54. Having reviewed the parties' arguments and applicable law, the Court now issues this Order and Reasons.

### I.  BACKGROUND

This case arises out of Plaintiffs Edward Mendy's ("Mendy") and Mendy Brothers LLC's ("Mendy Brothers") alleged agreement to purchase immovable property from Defendant Bank of New York Mellon ("BNYM"). Plaintiffs maintain this Court has diversity jurisdiction under 28 U.S.C. § 1332. R. Doc. 18 at 1.

Plaintiff Mendy Brothers and Plaintiff Mendy, an owner of Mendy Brothers, bring this breach of contract claim seeking specific performance. *Id*. at 17. In October 2015, Mendy discussed the purchase of a home located at 7833 Primrose Street, New Orleans, LA, 70126 (the "Property") with BNYM's agent, who informed Mendy that the purchase price was negotiable. *Id*. at 4-5. Mendy and Mendy Brothers made a series of offers on the property, which BNYM rejected. *Id*. at 6. On April 11, 2016, BNYM countered Plaintiffs' offer with a counteroffer price of $95,000. *Id*. On April 12, 2016, BNYM's agent informed Plaintiffs that multiple purchasers had expressed interest in the property and encouraged Plaintiffs to increase their offer; however, Plaintiffs allege that this communication did not indicate a withdrawal of the counteroffer. *Id*.

Plaintiffs responded to BNYM that they did not wish to participate in a bidding war but would consider the outstanding counteroffer, which they accepted via the online management system BNYM used in its real estate transactions. *Id*. at 7. Plaintiffs contend that this acceptance created a binding contract for the sale and purchase of the Property. *Id*. However, BNYM accepted a different offer that was higher than the price offered by Plaintiffs. *Id*. at 8. Plaintiffs seek specific performance and monetary damages for this alleged breach of contract. *Id*. at 12-13.

Plaintiffs also allege unjust enrichment and seek the profits Defendants made on the sale of the property and damages for the difference between the agreed-upon price and the increase in property values in the neighborhood. *Id*. at 14. Plaintiffs also allege they were the victims of a civil conspiracy between BNYM and their unnamed associates, and seek compensatory and punitive damages. *Id*. at 15.

Defendant BNYM responded, denying it had a contract with Plaintiffs. R. Doc. 19 at 7. BNYM raised a number of affirmative defenses, including Plaintiffs' failure to mitigate damages, failure to state a claim, *res judiciata*, waiver, issue preclusion, prescription, preemption and statute of limitations. *Id*. at 15-16.

Defendant BNYM asserts a Counterclaim against Plaintiffs, alleging that they wrongfully caused a notice of *lis pendens* to be filed in the mortgage and conveyance records of Orleans Parish. *Id*. at 20, 21. BNYM alleges that Plaintiffs did not timely respond to their call for highest and best offers for the Property, and when Plaintiffs' belated offer did arrive, it was lower than other offers. *Id*. at 23. BNYM contends that the call for highest and best offers effectively rejected offers previously presented, and revoked any counteroffers previously made. *Id*. Plaintiffs filed a notice of *lis pendens* at the advent of this court action, which impacted BNYM's ability to sell the Property to the highest bidder. *Id*. at 21. BNYM alleges that this current court

action does not affect title or assert a mortgage or privilege, as required under La. C.C. 3751, because Plaintiffs have no rights to the Property. *Id*. BNYM seeks damages, the amount of which will be proven at trial. *Id.*

## II. PRESENT MOTIONS

### A. Defendant BNYM's Motion for Judgment on the Pleadings (R. Doc. 40)

Defendant explains this is a breach of contract dispute, where Plaintiffs' contend they entered into a contract to purchase residential property with BNYM, and then BNYM refused to sell the property at the agreed upon price. R. Doc. 40 at 1. However, BNYM avers that Plaintiffs' claims for breach of contract, unjust enrichment, civil conspiracy, punitive damages, unfair trade practices and attorney fees are unsupported in fact and law and should be dismissed. *Id.*

BNYM provides a factual overview of the negotiations which Plaintiffs' contend created a contract to purchase the residential property. *Id*. at 3. After some back and forth between the parties' realtors, Plaintiffs claim that BNYM made a counteroffer to sell the property to Plaintiffs for $95,000. *Id*. at 3. Plaintiffs contend that they eventually accepted this counter offer through Defendant's online offer management system. However, Defendant explains that the alleged offer and acceptance were not in the form of an authentic act or act under private signature, as required by Louisiana law. Furthermore, Defendant argues Plaintiffs have not alleged the realtor who was involved in the negotiations had the mandate authority to contractually bind Plaintiffs in the sale of immovable property. *Id*. at 4. As such, Defendant contends that the supposed contract is not enforceable and Plaintiffs have failed to allege facts to support their other claims.

First, Defendant argues that Plaintiffs' breach of contract claims must be dismissed. *Id*. at 6. To prevail on a breach of contract claim in Louisiana, the party must prove the obligor undertook an obligation, failed to perform the obligation, and the failure to perform caused damages. *Id*. To create a binding obligation to buy or sell immovable property, a contract must

be memorialized in writing as an authentic act or act under private signature. *Id*. at 7 (citing La. Civ. Code art. 1839). Furthermore, when such a contract is entered by an agent, that agent must have an express written mandate memorialized as an authentic act or act under private signature granting the agent authority to enter a contract to buy or sell immovable property. *Id*. at 8. Defendant argues that Plaintiffs have not alleged any facts that the supposed contract or mandate were written as an authentic act or act under private signature. Thus, Defendant argues the purported agreement did not create a binding obligation, and Plaintiffs' breach of contract claims must be dismissed. *Id*. at 8-9.

Next, Defendant argues that Plaintiffs' unjust enrichment claim fails as a matter of law. *Id*. at 10. According to Defendant, a party may only bring suit for unjust enrichment when the law does not provide any other remedy. *Id*. (citing La. Civ. Code. art. 2298). Defendant contends that because Plaintiffs could, in theory, recover for breach of contract, they cannot recover under a theory of unjust enrichment. *Id*. at 11. Furthermore, Defendant avers that even if Plaintiffs were entitled to recover on these grounds, they have failed to allege facts to support such a claim. *Id*. In their Complaint, Plaintiffs claim that Defendant would be unjustly enriched if it sold the property to a third party at a higher price. Defendant argues that such hypothetical speculation is an insufficient basis to pursue an unjust enrichment claim.[1] *Id*.

Additionally, Defendant contends that Plaintiffs' claim for civil conspiracy should be dismissed. *Id*. at 13. Under Louisiana law, civil conspiracy is not a cause of action, but must be accompanied by an underlying tort. *Id*. Here, Plaintiffs' claim is based on an alleged breach of contract, not a tort, and therefore Defendant contends the civil conspiracy claim fails as a matter

---

[1] Additionally, Defendant has advised the Court in status conferences that because of this outstanding lawsuit, the property has not yet been sold; thus it is impossible that Defendant has been unjustly enriched at this time.

of law. *Id*. Furthermore, Plaintiffs fail to allege any facts that Defendant worked with any other defendants or individuals to effectuate the alleged conspiracy in this case. *Id*. at 14. Because conspiracy cannot be a solo endeavor, Defendant argues this claim should be dismissed.

Finally, Defendant addresses Plaintiffs' claims for punitive damages, attorney fees, and unfair trade practices. Under Louisiana law, punitive damages are not recoverable except for the three statutory exceptions. *Id*. at 15. Plaintiffs' claims do not fall into any of these statutory exceptions, thus, Defendant argues punitive damages are precluded in this case. *Id*. Next, Defendant avers that the American Rule applies to attorney fees unless such fees are specifically authorized by statute. *Id*. There is no statute that would entitle Plaintiffs' to attorney fees in this case, and Plaintiffs have not indicated any such basis for recovery. *Id*. Finally, Defendant avers that as a federally chartered bank insured by the Federal Deposit Insurance Company, it is exempt from any claim under the Louisiana Unfair Trade Practices Act ("LUTPA"). *Id*. at 16-17. LUPTA does not apply to "any federally insured financial institution, its subsidiaries, and affiliates." *Id*. (citing La. Rev. Stat. § 51:1406(1)). Thus, Defendant argues that these claims must also be dismissed.

**B.     Plaintiffs' Response (R. Docs. 46, 48)**

Plaintiff Edward Mendy filed a response, R. Doc. 46, which Plaintiff Mendy Brothers, LLC joined. R. Doc. 48. Before responding to Defendant's arguments, Plaintiffs first contend that Defendant should be estopped from asserting these defenses, because it did not raise them earlier in this litigation. *Id*. at 8. Next, Plaintiffs' argue that the parties had a legally binding contract to buy and sell immovable property. *Id*. at 10. While Plaintiffs admit that "a sale or promise of sale of an immovable must be made by authentic act or by act under private signature, they aver that the contract in this case was under private signature, as it was a simple writing signed by the parties. *Id*. at 13.

Next, Plaintiffs contend that the unjust enrichment claim should not be dismissed, as it was only pled as an alternative theory in case they failed to recover on the breach of contract claim. *Id*. at 16. Similarly, Plaintiffs contend they have a valid claim for civil conspiracy, as BNYM conspired with unknown defendants to commit a tort when it solicited offers from the other unnamed defendants. *Id*. at 17.

Plaintiffs withdraw their claims for punitive damages and unfair trade practices, but assert they may still be entitled to attorney fees as the prevailing party. *Id*. at 18, 20, 22. According to Plaintiffs, attorney fees are appropriate here as "delay damages" under Louisiana Civil Code Article 1986. *Id*. at 19. Plaintiffs argue that the terms of the sales contract provided that the prevailing party in any contractual dispute was entitled to attorney fees. *Id*. at 22.

Finally, Plaintiffs contend that this motion is actually a summary judgment motion, as it includes facts that are not stated in the pleadings. *Id*. at 23. Specifically, Plaintiffs allege that Defendant states the contract was not executed as an authentic act or act under private signature, and that there was no express written mandate granting the realtor authority to enter this transaction on Plaintiffs' behalf. *Id*. at 25-27. To refute these facts, Plaintiffs provide additional information, which they contend creates a disputed material fact, precluding summary judgment. *Id*. at 27.

### C. Defendant's Reply (R. Doc. 54)

Defendant timely replies. First, it restates its position that the purported sales contract is invalid as it fails to comply with the form requirements for the sale of immovable property under Louisiana law. R. Doc. 54 at 1-2. Next, it argues that the motion is not procedurally improper or untimely. *Id*. at 2. The Federal Rule of Civil Procedure require that a motion to dismiss under Rule 12 (c) may be brought any time after the pleadings are closed, provided it will not delay

6

trial. Defendant avers that this motion will not interfere with the August 21, 2017 trial date. *Id*. at 3.

Additionally, Defendant argues that Plaintiffs' unjust enrichment claim, which they describe as an alternate theory of recovery, is inapplicable in this case. *Id*. at 6-7. Because Plaintiffs have even a hypothetical remedy under a breach of contract theory, no claim for unjust enrichment exists—even as an alternative theory of recovery. *Id*. at 7. Furthermore, Defendant argues that this claim must fail because it has been unable to sell the property and therefore has not made any profits from the sale. *Id*. at 7.

Furthermore, Defendant avers that Plaintiffs have failed to allege a valid civil conspiracy claim. *Id*. at 7. In their response, Plaintiffs make only conclusory allegations that Defendant conspired to commit a tortious act with other unnamed defendants. However, Plaintiffs do not allege facts to support this claim, and Defendant argues they should not should be allowed to amend their complaint again in a responsive pleading. *Id*. at 8. Defendant also argues that Plaintiffs' claim for attorney fees under Louisiana Civil Code Articles 1997 and 1986 fails as a matter of law. *Id*. According to Defendant, neither of those articles mention attorney fees, and the Louisiana Supreme Court has determined that Article 1997 does not provide attorney fees for breach of contract. *Id*. (citing *Sher v. Lafeyette Insurance Co.*, 2007-2441 (La. 4/8/08), 988 So. 2d 186, 201). Defendant also contends that Plaintiffs' claim for attorney fees based on a clause in the purchase agreement fails because there was never a valid purchase agreement to sell the property. *Id*.

Addressing Plaintiffs' argument that their claim for punitive damages should be dismissed without prejudice, Defendant avers that there is no merit to this claim and therefore it must be dismissed with prejudice. *Id*. at 9. Finally, Defendant argues that contrary to Plaintiffs'

7

position, this is not a summary judgment motion and the Court should not view it as such. *Id*. Defendant contends that Plaintiffs confuse the absence of necessary facts—such as whether the purchase agreement was written as an authentic act—with relying on evidence outside the pleadings. *Id*. at 9. Defendant avers that pointing out the absence of a necessary factual allegation does not require reliance on materials outside the pleadings. *Id*. at 10.

## III. LAW AND ANALYSIS

### A. Rule 12(c) Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The purpose of a Rule 12(c) motion is to "dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Collins v. A.B.C. Marine Towing, L.L.C.*, U.S. Dist. LEXIS 86515, at *6 (E.D. La. June 30, 2015) (internal citations omitted). When a court is presented with matters outside the pleadings in a 12(c) motion, the Court may exclude the matters or treat the motion as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). The standard for a motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). The Pillars of Hercules, *Twombly* and *Iqbal,* therefore govern this standard. A complaint must plead "enough facts to state a claim to relief that is plausible on its face" to survive a 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[F]acial plausibility [exists] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must take the well-pleaded factual allegations of the complaint as true and view them in the light most

8

favorable to the plaintiff. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

    **B.**    **Discussion**

As an initial matter, the Court finds that Defendant's motion is timely. It was filed after the close of the pleadings and early enough that the motion will not delay trial. Fed. R. Civ. Proc. 12(c). Defendant is not barred from asserting these defenses merely because it did not raise them in its earlier Motion to Dismiss for Failure to Join an Indispensable Party. *See* Fed. R. Civ. Proc. 12(c); R. Doc. 12. Plaintiffs are not prejudiced by the timing of this motion.

Furthermore, as Magistrate Judge North recently indicated, "[Plaintiff] Mendy is no run-of-the-mill pro se litigant. He is an attorney, albeit a disbarred one, who, based upon his filings, is clearly familiar with the Federal Rules of Civil Procedure, even if he continues to demonstrate disrespect for those rules and the orders of the Court." R. Doc. 58. Mr. Mendy has continued to seek additional discovery in this case, despite Court orders that he is not entitled to such information. He has been less than forthcoming with the attorneys representing his LLC, which has prevented them from complying with Court directives. On one occasion, Mr. Mendy refused to reveal his presence on a conference call with the Court, despite the fact he was listening in for the duration of the call. Such behavior is disrespectful and a waste of Court resources.

That said, the Court will now address each of Defendant's arguments in turn.

    **1.**    **Breach of Contract**

In addressing Plaintiffs' breach of contract claim, the Court finds it helpful to consider the additional information submitted by the parties. When a court is presented with matters outside the pleadings in a 12(c) motion, the Court may exclude the matters or treat the motion as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Thus, the Court will address Plaintiffs' breach of contract claim according to the summary judgment standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, however, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

Louisiana law dictates that "a transfer of immovable property must be made by authentic act or by act under private signature." La. Civ. Code art. 1839. To qualify as an authentic act, the agreement must be memorialized in writing and signed by two witnesses in the presence of a notary. La. Civ. Code art. 1833. The Civil Code explains that an act under private signature need not be written by the parties, but must be signed by them. La. Civ. Code art. 1837. However, the comments add the following clarification: "This article is not intended to change the jurisprudential rule that an Act under private signature is valid even though signed by one party alone." La. Civ. Code art. 1837; comment B. In cases involving the sale of an immovable, an act under private signature signed by one party may still be valid if the non-signing party has done

some other act to indicate their acceptance. *Milliman v. Peterman*, 519 So. 2d 238, 241–42 (La. Ct. App.), *writ denied,* 520 So. 2d 752 (La. 1988); *see also Miller v. Miller,* 335 So. 2d 767 (La. App. 3 Cir. 1976) *writ denied* 338 So. 2d 927 (La. 1976) (holding there is no requirement that a written promise to sell be signed by both parties; acceptance by the vendee could be established by evidence extraneous to the written instrument.) Thus, an agreement to sell immovable property may be valid if it is an act under private signature signed by one party, and otherwise verified by the non-signing party.

For example, in *Milliman v. Peterman*, a family seeking to purchase residential property signed an agreement to purchase a home. *Milliman*, 519 So. 2d 238, 241–42. The sellers never signed the sales agreement, but indicated their consent to the sale in other ways, including sending a telegram, accepting the deposit, and eventually even signing the agreement. *Id*. The court determined the agreement was an authentic act creating an obligation to sell immovable property because, even though they did not sign the document, the sellers indicated their consent to the sale by other overt acts other than oral assent. *Id*.

Plaintiffs argue the agreement in this case is valid despite the fact BNYM never signed the document; however this misinterprets Louisiana law. An act under private signature is not always valid just because one party signed it; instead, in some instances, the non-signing party can still be bound by the agreement when they have indicated other "outward manifestation[s] of acceptance." *Id*. That is simply not the case here. In this case, Plaintiffs sent an email to their realtor, indicating they wished to purchase the property at issue. They later submitted a "Louisiana Residential Agreement to Buy or Sell," signed only by Plaintiffs. BNYM never signed this agreement, never indicated they wished to sell the property to Plaintiffs, and never took any action which could be considered an "outward manifestation of acceptance." *Milliman*,

11

519 So. 2d 238, 241–42. Plaintiffs' alleged purchase agreement failed to qualify with the form requirements for transferring immovable property under Louisiana law. Thus, their claim for breach of contract is dismissed with prejudice.

### 2. Unjust Enrichment

Under Louisiana law, a party may only bring a claim of unjust enrichment when no alternative remedy at law exists. La. Civ. Code Ann. art. 2298. Courts applying the Louisiana statute for unjust enrichment have held that it is not the success of the alternative claim, but the existence of the alternative claim that determines whether a claim for unjust enrichment is available. *Mayer v. Lamarque Ford, Inc.*, No. 00–1325, 2001 WL 175232, *1 (E.D. La. 2001). Here, Plaintiffs' claims are for breach of contract. As the Court explained above, there is no valid contract in this case. However, because Plaintiffs have a possible remedy under existing breach of contract law, they cannot recover under a theory of unjust enrichment. This claim is dismissed with prejudice.

### 3. Civil Conspiracy

The Louisiana Supreme Court has held that "conspiracy by itself is not an actionable claim under Louisiana law." *Ames v. Ohle,* 97 So. 3d 386, 393 (La. App. 4 Cir. 5/23/12) (citations omitted). The actionable element of a conspiracy claim is not the conspiracy itself, but rather the tort that the conspirators agree to perpetrate and commit in whole or in part. *Id.* Thus, to recover on this claim, Plaintiffs would need to plead sufficient facts that indicate Defendant either agreed to commit, or actually committed, a tort. The only allegations Plaintiffs make in relation to this claim is that Defendant committed a tort when it solicited offers from other unknown defendants.[2] These statements are both vague and conclusory. Even when

---

[2] Plaintiffs did not include these allegations in their pleadings, but only included them in response to Defendant's motion.

considering all the factual allegations included in Plaintiffs' response, the Court finds Plaintiffs have failed to "state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. Therefore, Plaintiffs' civil conspiracy claim is dismissed with prejudice.

### 4. Punitive Damages

Plaintiffs waived their claim for punitive damages in their response. R. Doc. 46 at 18. While they requested that the claim be dismissed without prejudice, the Court finds this request is unsupported by law. Louisiana law does not permit punitive damages, except where expressly authorized by statute. *See International Harvester Credit v. Seale*, 518 So. 2d 1039, 1041 (La. 1988). There is no statute which would permit punitive damages in this case. Thus, Plaintiffs' claim for punitive damages is dismissed with prejudice.

### 5. Attorney Fees

"Attorney fees are not allowed in Louisiana except, where authorized by statute or contract ." *Rivet v. State*, 680 So. 2d 1154, 1160 (La. 1996). Plaintiffs claim they are entitled to attorney fees under Louisiana Civil Code Articles 1997 and/or 1986. Article 1997 states, "An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform." La. Civ. Code art. 1997. The Louisiana Supreme Court explained that this statute does not discuss attorney fees, and therefore held "that in cases of breach of contract, Article 1997 does not provide for an award of attorney's fees." *Sher v. Lafayette Ins. Co.*, 2007-2441 (La. 4/8/08), 988 So. 2d 186, 201, *on reh'g in part* (July 7, 2008). Thus, even if Plaintiffs had a valid breach of contract claim—which they do not—they would not be entitled to attorney fees under Article 1997.

Louisiana Civil Code Article 1986 reads,

"Upon an obligor's failure to perform an obligation to deliver a thing, or not to do an act, or to execute an instrument, the court shall grant specific performance plus damages for delay if the obligee so demands. If specific performance is

13

impracticable, the court may allow damages to the obligee. Upon a failure to perform an obligation that has another object, such as an obligation to do, the granting of specific performance is at the discretion of the court."

La. Civ. Code art. 1986. This statute also does not explicitly discuss attorney fees, and no Louisiana court has determined this article provides for an award of attorney's fees. Furthermore, any potential attorney fee under this article would only result if Defendant failed to perform an obligation. As the Court has determined there was no valid contract between the parties, Defendant did not owe Plaintiffs an obligation, and therefore Plaintiffs cannot recover attorney fees for a supposed breach of that obligation. Thus, Plaintiffs' claims for attorney fees are dismissed with prejudice.

### 6. Unfair Trade Practices

Plaintiffs explain they intended to withdraw their claim based on the Louisiana Unfair Trade Practices Act as Defendant is exempt from this Act. R. Doc. 46 at 22-23. Therefore, this claim is dismissed with prejudice.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Bank of New York Mellon's Motion to Dismiss is **GRANTED**. Plaintiffs' claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Edward B. Mendy's Motion for Partial Summary Judgment, R. Doc. 49, and Motion for Appeal/Review of Magistrate Judge's Decision, R. Doc. 60, are hereby **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 13th day of June, 2017.

_____
UNITED STATES DISTRICT JUDGE